UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTWONE STOKES,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF ALEX VILLANUEVA,<br><br>    Defendant. | NO. CV 22-4077-ODW (AGR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## I.

## BACKGROUND

On June 13, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 against Defendant Sheriff Villanueva in his individual capacity.[1]  (Dkt. No. 1.)

Defendant filed a motion to dismiss the complaint.  (Dkt. No. 10.)  The magistrate judge granted two requests for extensions of time to file an opposition. (Dkt. Nos. 14, 16.)  Plaintiff has notified the court that he is in the process of retaining counsel, who has advised him that the motion to dismiss is the result of

---

[1] Defendant argues that the complaint does not state a claim against Sheriff Villanueva in his official capacity.  The complaint names Sheriff Villanueva only in his individual capacity.  (Dkt. No. 1 at 3.)  Therefore, the court does not address Defendant's arguments that Plaintiff does not state an official capacity claim.

the way he worded the complaint. Plaintiff seeks additional time to amend the complaint. (Dkt. No. 18.) The court therefore addresses Defendant's motion regarding the deficiencies in the existing complaint.

For the reasons stated below, the court dismisses the complaint with leave to file a First Amended Complaint.

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted).

A *pro se* complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.

## ALLEGATIONS OF COMPLAINT

The complaint alleges that Sheriff Villanueva's "poor training" of deputies directly led to the following constitutional violations. Plaintiff has mental health problems. (Compl. at 9.)[2] On May 14, 2021, Plaintiff was in general population. After realizing his life was in danger, Plaintiff requested protective custody but

---

[2] Page citations are to the page numbers assigned by CM/ECF in the header of the document.

was told it was not available due to the coronavirus. On July 25, 2021, the Inmate Reception Center (IRC) violated Plaintiff's due process rights and acted with deliberate indifference by not properly processing him as a protective custody inmate. Plaintiff was stabbed 13 times in his head, back, torso and ears by eleven inmates while housed at the North County Correctional Facility ("NCCF") and was treated at USC hospital. (Compl. at 5, 7.) In September 2021, deputies escorted Plaintiff, who was shackled at his feet and wrist, to medical at Men's Central Jail. The deputies slammed Plaintiff to the ground and dragged, punched and kicked him. (*Id.* at 7.) Plaintiff was transported to Twin Towers where an officer placed a finger in his anal cavity. (*Id.* at 7-8.) Plaintiff was told he would be sorry if he filed a complaint but he filed grievances anyway. He was called racist names by the deputies. (*Id.* at 8.)

Plaintiff alleges the Sheriff's failure to train resulted in the deputies' retaliation, deliberate indifference and failure to protect in violation of the First, Eighth and Fourteenth Amendments.[3] (*Id.* at 8-9.) Plaintiff seeks damages and asks for the officers to be fired. (*Id.* at 6.)

## III.
## DISCUSSION

Each government official "is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. The complaint names only Sheriff Villanueva as a defendant. The complaint does not name the individual deputies who allegedly failed to protect Plaintiff and retaliated against him.

---

[3] It is unknown whether Plaintiff was a pretrial detainee whose claims would arise under the Fourteenth Amendment or a convicted prisoner whose claims would arise under the Eighth Amendment. The Cruel and Unusual Clause of the Eighth Amendment only protects convicted prisoners and does not apply to pretrial detainees. *Graham v. Connor*, 490 U.S. 386, 396 n.10 (1989); *Bell v. Wolfish*, 441 U.S. 520, 535 (1861). If Plaintiff was a pretrial detainee, his claims arise under the Due Process Clause of the Fourteenth Amendment and are governed by different standards. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).

Supervisory officials are not liable under § 1983 for the actions of their subordinates on any theory of vicarious liability. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989).

A defendant may be held liable as a supervisor under § 1983 if there exists either (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). The causal connection may be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, that the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury. *Id*. at 1207–08. "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (citation omitted).

A supervisory official may be liable in his individual capacity for failure to train if the official "was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights." *Flores v. Cty. of Los Angeles*, 758 F.3d 1154, 1158-59 (9th Cir. 2014) (noting same standard applies under *Monell* liability). A complaint must allege facts indicating that the defendant "disregarded [the] known or obvious consequences . . . that a particular omission in their training program [would cause] . . . [] employees to violate citizens' constitutional rights." *Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) (internal quotation marks omitted).

The complaint does not allege any facts indicating that the training on protective custody placement, retaliation, racial name-calling or any other subject is defective. "An inadequate training policy itself cannot be inferred from a single incident." *Id.* at 875 & n.4; *see also Blankenship v. City of Orange*, 485 F.3d 463,

4

484-85 (9th Cir. 2007) (failure to train one officer insufficient to show program-wide inadequacy of training).

In addition, the complaint does not allege that Sheriff Villanueva was put on notice of a failure or inadequacy of training. In the context of *Monell* liability, the Supreme Court has noted: "[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (footnote omitted). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 390-91. "And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable." *Id.* at 391.

The complaint does not allege facts as to (1) why Plaintiff believes he is entitled to protective custody, (2) how Sheriff Villanueva was put on notice of failure or inadequacy of training as to the availability of protective custody during the Covid-19 pandemic or as to which inmates are placed in protective custody, and (3) how the failure or inadequacy of training led to the constitutional violations that Plaintiff suffered. *Starr*, 652 F.3d at 1209-12 (alleging facts such as Sheriff's notice of attacks on other inmates or notice of investigations into attacks).

To the extent Plaintiff seeks to impose liability on Sheriff Villanueva as a supervisor for failure to place Plaintiff in protective custody, the complaint does not allege sufficient facts. It is unclear whether Plaintiff alleges that the Sheriff adopted a policy of suspending protective custody or making it unavailable. *See Gordon v. Cty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021). (1) knew the facility did not have protective custody available or did not place inmates like Plaintiff in

5

protective custody, (2) knew that general population posed a serious risk of harm to Plaintiff and placed him there anyway, and (3) acquiesced in a deficient policy that was the moving force behind that harm to Plaintiff.  *Starr*, 652 F.3d at 1208.

It is unclear whether Plaintiff seeks to impose liability upon Sheriff Villanueva based on the individual deputies' retaliation or use of racial epithets.

Should Plaintiff choose to file a First Amended Complaint, Plaintiff should specify the claim or claims he is asserting against Sheriff Villanueva, and should clearly set forth the facts on which he bases liability in accordance with the legal guidelines set forth above.  *See Iqbal*, 556 U.S. at 678.

## IV.
## ORDER

For the reasons discussed above, the Court DISMISSES the complaint with leave to amend.

Plaintiff shall have 30 days from entry of this order to file a First Amended Complaint that corrects the deficiencies described above.  Failure to file a timely amended complaint that corrects the deficiencies will result in dismissal of the action on the merits or for failure to prosecute.  Fed. R. Civ. P. 41(b).

If Plaintiff chooses to file a First Amended Complaint, it must bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the prior complaints, attachments, pleadings or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank Central District of California civil rights complaint form.

**IT IS SO ORDERED.**

DATED: February 27, 2023

_____
OTIS D. WRIGHT II
United States District Judge